■ In the Matter of Ecco III Enterprises, Inc., Appellant, v Metro-North Commuter Railroad Company, Respondent.— Order, Supreme Court, New York County (Harold Baer, J.), entered April 3, 1990, which dismissed a CPLR article 78 petition seeking, *inter alia,* to annul and vacate respondent's award of a construction contract to the second lowest bidder, and to direct respondent to award the contract to petitioner, as the lowest bidder, or, in the alternative, to remand the matter to respondent to consider either an award of the subject contract to petitioner or the rejection of all bids, unanimously reversed, on the law, the facts and in the exercise of discretion, and the petition granted to the extent of remanding the matter to respondent to reopen the bidding process to consider either an award of said contract to petitioner or the rejection of all bids, without costs.

The dispute in this case arises out of the award of a construction contract for the construction of 14 platform extensions in various locations of the Mid-Hudson line of respondent-respondent Metro-North Commuter Railroad Company (Metro-North), a New York public benefit corporation, which operates an interstate railroad system as a subsidiary of the Metropolitan Transportation Authority (MTA). Metro-North awarded the contract to the second lowest bidder, Perini Corporation (Perini), based upon an affirmative action plan. The low bidder, Ecco III Enterprises (Ecco), brought an article 78 petition, contending that Metro-North's actions and the standards employed by it were violative of constitutional and statutory law both facially and as applied. The Supreme Court, while acknowledging that the questions raised by the case were "truly troubling", held that Ecco failed to demonstrate that the award by Metro-North was arbitrary and capricious. We disagree and accordingly reverse.

Section 105 (f) of the Surface Transportation Assistance Act of 1982 (Pub L 97-424) and section 106 (c) of the subsequent authorization act, i.e., the Surface Transportation and Uniform Relocation Assistance Act of 1987 (Pub L 100-17), established a minimum 10% goal for expenditure of Federal funds with disadvantaged business enterprises (DBE). Congress in enacting the subject laws contemplated the remediation of

past discrimination in the public transportation field. *(See, Fullilove v Klutznick,* 448 US 448 [1980].) However, in the instant case, Metro-North unilaterally adopted a 20% goal in its contract bid, apparently without approval by Federal administrative authorities and without enumerating specific additional findings to justify the increased goal. *(See, Richmond v Croson Co.,* 488 US 469 [1989].) Thus, while Federal regulations permit a goal of greater than the stated 10%, under the circumstances presented, the increased goal was inappropriately established. *(See, Wygant v Jackson Bd. of Educ.,* 476 US 267 [1986].)

Moreover, Ecco contends, and we agree, that Ecco, whose initial bid contained only 9.6% DBE participation, should have been given an opportunity to show that it subsequently achieved the goal or made a good-faith effort to do so rather than be precluded by Metro-North's employment of the conclusive presumption clause in the initial information for bidders. This is in contrast to Perini, which Metro-North initially deemed as achieving the DBE goal, despite the fact that at 19.5% DBE participation, it too fell short of the goal. Moreover, upon the acceptance of its bid and after being advised by Metro-North that two of the DBE firms listed on its bid schedule had been denied certification as qualified DBE entities, Perini was permitted to resubmit its bid schedule on DBE by increasing the allocution of funds to DBE Cal-Leon Construction from $250,000 (2.1%) to $1,850,000 (15.4%). Thus Perini's total DBE participation constituted 22.5% by the time an award was made. Because Ecco was not, despite repeated requests, given a compliance hearing prior to the award to Perini, Ecco was foreclosed from meeting its burden of showing that it exercised a good-faith effort to achieve the stated goal of DBE participation. This results in the appearance of favoritism towards Perini in passing over Ecco, the lowest bidder. *(Compare, Porter Co. v Metropolitan Dade County,* 825 F2d 324 [11th Cir 1987], *cert granted* 489 US 1062 [1989].)

Metro-North's use of a 20% DBE participation requirement for its contract and its use of a conclusive presumption provision as applied herein resulted in an unconstitutionally conducted bidding process. We accordingly reverse and grant Ecco's petition to the extent indicated above. Concur—Sullivan, J. P., Carro, Wallach and Rubin, JJ.